UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Amy Devine,

Plaintiff,

v.

Minnesota Mining and Manufacturing Company,

Defendant.

Civil No. 00-883 DWF/AJB

**STIPULATED PROTECTIVE ORDER**

---

**WHEREAS**, certain materials relevant to the this action contain confidential and proprietary business information, particularized employment-related information pertaining to individuals who are not parties to this litigation, and medical records, including but not limited to Plaintiff's ("Confidential Information"). As used herein, "particularized employment-related information" includes any information which would allow any non-party to be identified by its disclosure; and

**WHEREAS**, the parties are willing to enter into a Stipulated Protective Order as a condition to the disclosure of the Confidential Information and/or the inspection of documents containing such Confidential Information; and

**WHEREAS**, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of the Confidential Information, while allowing the opportunity for reasonable discovery; and

JAN 0 2 2001
FILED
FR... DOSAL CLERK
JUDGMENT
DEPUTY CLERK

**WHEREAS**, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this document, whenever that may be.

**NOW, THEREFORE**, the parties, through their undersigned counsel, stipulate and agree as follows:

1. This Stipulated Protective Order shall apply to all Confidential Information in whatever form, including: (a) documents and depositions which are hereafter produced, given, or supplied by either party to this action or the parties' experts; (b) extracts and summaries prepared from such materials; (c) all information contained in or obtained from such material; and (d) those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

2. Any party to this action may designate any of the materials listed in paragraph 1 as containing Confidential Information by stamping the material as "confidential" and/or with respect to (i) deposition testimony, by identifying the portion or portions of the deposition transcript on the record during such deposition, or within thirty (30) days after the party desiring such designation receives the transcript of such deposition, or (ii) documents that are obtained from a third party pursuant to an authorization provided by the party to this action, by identifying the document(s) containing Confidential Information within thirty (30) days after the party desiring such designation executes the authorization.

3. Materials made subject to this Stipulated Protective Order under Paragraph 2 shall be used only for the purposes of this litigation and not for any other purpose whatsoever.

4. Without in any way limiting any other term of this Stipulated Protective Order, materials made subject to this Stipulated Protective Order shall be disclosed only to: (a) the parties; (b) the counsel of record in this action (including members and associates of their firms, legal assistants, and secretarial and clerical personnel); (c) disclosed experts retained by the parties to work on this action; (d) stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action; (e) such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and (f) the Court.

5. If materials made subject to this Stipulated Protective Order are filed with the Court, they shall be filed under seal and in an envelope bearing the following description:

**CONFIDENTIAL**
**This envelope contains confidential**
**information subject to a Protective**
**Order and is not to be opened except pursuant**
**to authority of the Court.**

6. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Stipulated Protective Order produced by any opposing party and designated by that opposing party as "confidential," he or she shall so inform the Court and opposing counsel as far in advance

as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Stipulated Protective Order.

7. Within sixty (60) days after final determination of this action, counsel and all other recipients of materials subject to this Stipulated Protective Order shall return such materials in their possession, and all copies made by them or at their direction, to the party that originally produced such materials; provided, however, that this paragraph 7 does not obligate either party to return copies of any legal brief or pleading that may contain or refer to Confidential Information. The termination of proceedings in this action shall not, however, relieve any person to whom Confidential Information was disclosed from the provisions of paragraphs 3 and 4 of this Stipulated Protective Order.

8. The parties will make good faith attempts to resolve between themselves any disputes regarding particular designations of confidentiality.

9. If the parties are unable to resolve any such dispute, any party may proceed by notice of motion and motion to the Court to determine the propriety of such designation. For any motion brought under this paragraph, the party claiming that information is Confidential Information will bear the burden of proof to demonstrate confidentiality.

10. The counsel of record are responsible for employing reasonable measures to control, consistent with this Stipulated Protective Order, the duplication of, access to, and distribution of copies of confidential documents.

11. The counsel of record hereby apply to the Court for an entry of an Order in accordance with this Stipulated Protective Order.

12. The Order entered pursuant to the terms of this Stipulated Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noted and served.

13. The provisions of the Order entered pursuant to this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court may retain jurisdiction for the purpose of assuring compliance with this Stipulated Protective Order and granting such other and further relief as may be necessary.

**SO STIPULATED:**

Dated: Dec. 27, 2000

By ______________________

Leslie L. Lienemann (#230194)
8400 Lyndale Avenue S, Suite 7
Bloomington, MN 55420
(612) 346-0619

ATTORNEY FOR PLAINTIFF
AMY DEVINE

Dated: December 29, 2000

DORSEY & WHITNEY LLP

By James M. Zappa
Marianne D. Short (#110596)
James M. Zappa (#232646)
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2833
(612) 340-2849

ATTORNEYS FOR DEFENDANT
MINNESOTA MINING AND
MANUFACTURING COMPANY

**IT IS SO ORDERED:**

Dated: Jan. 2, 2001

The Honorable Donovan W. Frank
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.