UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Amy Devine,

Plaintiff,

v.

Minnesota Mining and Manufacturing, Inc.,

Defendant.

Court File No: 00-883 DWF/AJB

**STIPULATION AND ORDER TO OBTAIN MINNESOTA DEPARTMENT OF HUMAN RIGHTS FILE**

---

STIPULATION:

WHEREAS, Plaintiff Amy Devine brought a charge of discrimination against Defendant Minnesota Mining and Manufacturing, Inc. with the Minnesota Department of Human Rights entitled Amy Devine v. Minnesota Mining and Manufacturing, Inc., Ref. No. 31005; and

WHEREAS, the parties have obtained copies of the closed Minnesota Department of Human Rights file, portions of which were redacted; and

WHEREAS, Plaintiff desires to obtain complete un-redacted copies of those redacted documents and Defendant does not object to her doing so; and

WHEREAS, the Department of Human Rights does not object to charging parties receiving such copies under the terms delineated in the Order below;

THEREFORE, the parties stipulate to entry of an order requiring the Minnesota Department of Human Rights to produce the closed file, un-redacted, to Plaintiff Amy Devine under the terms delineated in the order below:

FILED MAR 13 2001
DOSAL, CLERK
JUDG
DEPUTY CLERK

IT IS SO STIPULATED:

Dated: March 2, 2001

Leslie L. Lienemann
Attorney at Law
210 N. River Ridge Circle
Burnsville, Minnesota 55337
ATTORNEY FOR PLAINTIFF

Dated: March 8, 2001

Dorsey & Whitney, LLP

By James M. Zappa
Marianne Short
James Zappa
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402
ATTORNEYS FOR DEFENDANT

ORDER:

The Minnesota Department of Human Rights' file entitled Amy Devine v. Minnesota Mining and Manufacturing, Inc., Ref. No. 31005 shall be produced within fifteen days from the date of this order. Pursuant to the Minnesota Data Privacy Act and the Minnesota Human Rights Act, the Department of Human Rights may withhold from the parties and their counsel any internal memoranda of a procedural nature which do not contain factual information pertaining to the issues underlying the claims of discrimination. The Department may also withhold communication between members of the Attorney General's office and charging parties which is protected by attorney-client privilege (Minn. Stat. §363.121), communication between the Department and the Attorney General's office in which the Attorney General's office is acting as the

Department's Attorney, and any information concerning settlement negotiations (Minn. Stat. §363.061, subd. 2(c).

IT IS SO ORDERED:

Dated: 3/13, 2001

Arthur J. Boylan
Magistrate Judge