**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Amy Devine,

Civil No. 00-883 DWF/AJB

Plaintiff,

v.

**ORDER**

Minnesota Mining and
Manufacturing Company,

Defendant.

---

The above-entitled matter came before the Honorable Arthur J. Boylan, Magistrate Judge of the United States District Court, District of Minnesota, in Room 638, U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, 55101,on June 25, 2001 for a hearing on Plaintiff's Motion to Extend Time for Plaintiff to Disclose an Additional Expert Witness [ Docket No. 47]. Leslie L. Lienemann, Esq., represented Plaintiff; Marianne D. Short, Esq., represented Defendant.

Based on the file, records, affidavits, and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Extend Time For Plaintiff to Disclose Additional Expert Witness [Docket 47] is **granted.**

2. The Pretrial Scheduling Order, is amended to extend the deadline for Plaintiff's expert disclosures to July 15, 2001.

3. Defendant may disclose additional rebuttal expert materials by August 15, 2001.

FILED JUL 0 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

4. Plaintiff's additional expert witness will be limited to testifying about the damages related to stock options.

Dated: 7/2/01

ARTHUR J. BOYLAN
United States Magistrate Judge

**MEMORANDUM**

When served an interrogatory, the party must respond to each interrogatory separately and fully in writing under oath. Fed. R. Civ. P. 33 (b)(1). Plaintiff's Interrogatory 19 specifically asked Defendant to describe compensation packages given to OIPC attorneys including any stock options. Defendant responded to this particular request by disclosing that "individuals hired into the OIPC for the Attorney Position were paid a salary, were eligible for profit sharing compensation opportunities, and were provided standard health, medical and other benefits. Unless employees were hired into salary grade 12, they were not eligible at the time of hire to receive stock options." The Court does not disagree with the accuracy of this response, but its completeness by failing to specifically disclose stock options offered to OIPC attorneys.

The lack of completeness however, does not justify the dismissal of Plaintiff's original expert testimony. The Court finds that to enable Plaintiff to retract her decision as to who Plaintiff chooses to testify as an expert is extreme and unduly prejudicial to Defendant.